CURRAULT, Judge.
This appeal originates in the Twenty-Ninth Judicial District Court for the Parish of St. Charles wherein the Honorable Ruche J. Marino dismissed petitioner’s claim for worker’s compensation benefits.
Plaintiff, Michael P. Millet, was an employee of defendant, Hooker Chemical Company, from September 21, 1966 until October 5, 1978. Mr. Millet was initially hired as a production technician but worked in various departments and in differing capacities ranging from technician to supervisor during his employment. When he left Hooker Chemical Company on October 5, 1978, Mr. Millet was assigned to and was working in the maintenance department as a maintenance technician.
On January 30, 1980, well over fifteen months later, Mr. Millet filed a petition for worker’s compensation. In this petition, Mr. Millet based his claim for disability on a back condition from an accident which he alleged specifically to have occurred on October 5, 1978, and to have caused severe crippling injuries to his lumbosacral region.
Defendant filed a peremptory exception of prescription which was initially upheld. However, after plaintiff’s request for a new trial on the prescription issue was heard, the trial court referred the prescription defense to the merits.
Trial was held on March 10, 1983, and judgment was rendered on May 26, 1983 in defendant’s favor. In his written reasons, the trial judge concluded plaintiff had failed to show that there was a causal relationship between his injury and his job. On appeal, it is clear that the only question is whether or not the trial judge was manifestly erroneous in his conclusion.
In determining whether the trial court erred, we are guided by our Supreme Court which stated in Culp v. Belden Corp., 432 So.2d 847 (La.1983) at page 851:
“On appellate review, the trial court’s factual findings concerning work-related disability should be given great weight and should not be disturbed where the evidence before the trier of fact supports *1241 a reasonable factual basis for the trial court’s findings, unless clearly wrong.”
(Citation omitted)
There is no doubt that this plaintiff does indeed suffer from lower back problems. More specifically, he was diagnosed as having degenerative disc disease of the L-4, L-5 level coupled with a chronic discogenic lumbosacral sprain. The record is replete with medical testimony and documentation substantiating plaintiff’s medical claims. However, the existence or extent of his medical problems are not the primary issue before us. We must decide the soundness of the trial court’s decision that plaintiff failed to establish a work-related causal connection with his medical problems.
Both of Mr. Millet’s supervisors, Curtis Cullen, and his immediate foreman, Stuart Petrie, testified he had never reported any accident to them, never complained of any back pain while on the job, and never related to them that his work caused any physical difficulties. Plaintiff admitted he never reported any occupational ac: cident or injury; although, as a foreman, he had instructed his workers to always report job-related injuries.
Further, plaintiff admitted that in his claim forms submitted to Hooker Chemical Company or Aetna Insurance Company, either for receipt of disability benefits or reimbursement of medical expenses, he stated his disability was not job-related. In fact, there is a notation in plant hospital records dated September 18, 1978, where he related twisting his back at home while lifting a gas can.
The only indication that plaintiff’s work activities caused or contributed to his disability is his own statement made to Dr. R. Vaclav Hamsa, while hospitalized, that his back became worse after his transfer to maintenance from solvents where he had been a supervisor. Plaintiff also testified he told a co-worker, Earl Aucement, about an incident of back pain while lifting a pump, admittedly though he made no effort to have Aucement come to court to corroborate his testimony.
Appellant argues, as we are well aware, that “accident” does not necessarily mean a sudden, violent and traumatic event; a claimant need only demonstrate that his disability was caused by a work activity which can be gradual and progressive in nature. Thus appellant contends that the only requirement that need be proved is that the disability was sufficiently job-related.
The trial court was faced with a situation in which no accident as such occurred; no report of any occupational accident or injury was ever made; no corroborating evidence of any such accident or injury was produced; affirmative testimony from plaintiff’s supervisor and immediate foreman was produced to the effect that no accident or injury or job-related disability was ever reported by plaintiff; and claim forms submitted by plaintiff repeatedly state his disability is not job-related.
We must agree with the trial court that plaintiff failed to carry his burden of proof. As the record is absent any evidence establishing a minimal causal relationship between plaintiff’s medical problems and his work activities, there is no reasonable factual basis upon which the trial court could have concluded plaintiff’s disability was job-related. On appeal, appellant is not convincing that the trial judge was clearly wrong, nor are we so inclined to rule.
Accordingly, for the above-stated reasons, we affirm the decision of the trial court dismissing plaintiff’s claim for worker’s compensation. Appellant is to pay costs of this appeal.
AFFIRMED.